# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-33 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| NICHOLAS NEIL NIKIFORAKIS, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge on the nondispositive pretrial motions filed by the United States of America and Defendant Nicholas Nikiforakis. Because Mr. Nikiforakis did not file dispositive motions and neither party requested oral argument, the Court canceled the scheduled motion hearing. (Dkt. No. 28.) This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. No. 11) is **GRANTED**. Mr. Nikiforakis shall comply with Federal Rule of Criminal Procedure 16(b) and (c). (*See* Scheduling Order 2, Dkt. No. 18.) Mr. Nikiforakis shall also comply with the Federal Rules of Criminal Procedure requiring advance notice of certain affirmative defenses: Alibi (Rule 12.1), Insanity/Mental Illness (Rule 12.2), and Public

Authority (Rule 12.3), as required by the scheduling order in this case. (Scheduling Order 3.)

2. Mr. Nikiforakis's Motion for Discovery of Rule 16(A)(1)(G) Evidence – Experts (Dkt. No. 22) is **DENIED AS MOOT**. The Court has already ordered the parties to disclose the identity of their expert witnesses and make all expert disclosures required by Rule 16 no later than 28 days before trial. (Scheduling Order 3.)

3. Mr. Nikiforakis's Motion for Disclosure of Grand Jury Minutes and Transcript (Dkt. No. 23) is **DENIED.** The Court can authorize disclosure of grand jury materials to a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant must show a "particularized need" for the material before the Court will grant the request. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Mr. Nikiforakis makes no showing of a particularized need; he merely states that the indictment itself "may be based on evidence illegally obtained" and that the grand jury material is necessary to dismiss the indictment and impeach the witnesses for the United States. (Mot. for Disclosure of Grand Jury Mins. and Transcript, Dkt. No. 23.) This is insufficient. *Broyles*, 37 F.3d at 1318 ("A long line of cases in this Circuit note that 'a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the "particularized need" requirement.'" (citation omitted; alteration in original)).

4. Mr. Nikiforakis's Motion for Discovery and Inspection (Dkt. No. 25) and Motion for Disclosure of All Statements (Dkt. No. 26) are **GRANTED** to the extent they

mirror the requirements of Rule 16(a) and 16(c); to the extent they exceed the requirements of the rules, they are **DENIED**. The United States shall comply with Federal Rules of Criminal Procedure 16(a) and 16(c), as required by the scheduling order in this case. (Scheduling Order 2.)

Date: May 22, 2023                                    *s/ John F. Docherty*
                                                      JOHN F. DOCHERTY
                                                      United States Magistrate Judge